IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAY JASMINE SADDLER,

       Plaintiff,
 v.

RN JESSICA HEWITT, OFFICER BETH,
OFFICER REILEY, SHERIFF KEITH GOVIER,
OFFICER SRG EDWARD BREITSPRECKER,
JANE DOE, JOHN DOE, DEPUTY ANDREW SMITH,
OFFICER MASON NEMITZ, and
OFFICER MICHELLE NECOLLINS,

       Defendants.

OPINION and ORDER

19-cv-81-jdp

---

  Plaintiff Jay Jasmine Saddler, a prisoner at Waupun Correctional Institution (WCI), alleges that numerous jail and prison officials have failed to provide proper medical care for an injury to his left hand. He has filed a complaint asserting claims under 42 U.S.C. § 1983, Dkt. 1, as well as four motions to amend the complaint, Dkt. 9; Dkt. 12; Dkt. 16; Dkt. 18. Saddler has paid the initial partial filing fee for this action as ordered by the court, so the next step is for me to screen his case and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Saddler is a pro se litigant, so I must read his complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

  There are several problems with Saddler's filings that prevent me from granting him leave to proceed. Saddler presents his allegations in a piecemeal fashion over the course of five documents, and many of them are simply too vague to provide fair notice of his claims as required under Federal Rule of Civil Procedure 8. Other of Saddler's allegations simply fail to

state a claim for relief. So I am dismissing his complaint and four motions to amend. But I will give him an opportunity to file an amended complaint that fixes the problems discussed in this opinion.

Saddler has also filed a motion asking me to issue an order compelling WCI to: (1) provide him with pens while he is in segregation; and (2) disburse funds from his release account so that he can obtain his Grant County medical file. Dkt. 19. I will deny that motion for reasons stated below.

ALLEGATIONS OF FACT

I draw the following facts from Saddler's original complaint, Dkt. 1, as well as his motions to amend the complaint, Dkt. 9; Dkt. 12; Dkt. 16; Dkt. 18. I accept Saddler's allegations as true at the screening stage. *Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

**A. Original complaint (Dkt. 1)**

On September 19, 2016, Saddler had surgery on his left hand at Stroger Hospital in Cook County, Illinois. On November 1, 2016, Saddler was extradited to Grant County, Wisconsin, where he was held in pretrial custody in the Grant County Jail.

When he was being booked into the Grant County Jail, Saddler informed defendant Beth, an officer with the Grant County Sheriff's Department, that he was receiving medication for pain and nerve damage. The next day, defendant Jane Doe, a nurse at the Grant County Jail, saw Saddler about his hand. She told Saddler that he would be scheduled to see a doctor.

Weeks later, defendant Officer Edward Breitsprecker walked Saddler to his initial appointment with a doctor, defendant John Doe. Breitsprecker asked Saddler what he was

being seen for, and Saddler explained that he had sustained "a very painful injury." Dkt. 1, at 3.

Dr. Doe conducted a medical assessment of Saddler. When it was complete, he told Saddler that "the processing" would move along quicker if Saddler could "obtain his Cook County medical report." *Id.* Saddler arranged for this, and his medical records from Cook County arrived at the Grant County Jail on November 29, 2016. Those records indicated that Saddler needed additional surgical procedures on his hand. Even though the Grant County Jail received these records, Saddler did not receive the surgeries or other needed medical care. Instead, Saddler "faced a series of changes." *Id.* Saddler doesn't explain what this means.

Saddler says that defendant officers Reiley and Michelle Necollins "were fully aware of [his] medical condition." *Id.* In December 2016, Saddler was involved in an altercation with another detainee. As part of the investigation of that incident, Saddler informed Necollins of his injury and "how the pain was once again getting wors[e]." *Id.* Saddler does not explain how Reiley became aware of Saddler's medical condition.

In late December 2016, Saddler was seen by defendant Nurse Jessica Hewitt. Hewitt gave Saddler a "clay-like substa[nce] to sq[uee]ze for his hand," even though Saddler's medical records from Cook County indicated that Saddler needed surgical procedures. *Id.*

On January 28, 2017, defendant Officer Andrew Smith responded to a fight in the Grant County Jail. As part of his investigation, he interviewed Saddler and asked him about his injury. Saddler told Smith that he needed to be seen by a nurse. Defendant Deputy Mason Nemitz escorted Saddler from the jail block, and Saddler informed him about his medical need as well. Necollins then confiscated Saddler's arm sling, and told Saddler that the nurse would "be made aware of the medical condition." *Id.* at 4.

Saddler says that he did not receive proper care for his hand the entire time he was in pretrial custody at the Grant County Jail (which was until March 24, 2017, when Saddler was transferred to Dodge Correctional Institution). He names Grant County Sheriff Keith Govier as a defendant based on his alleged failure to ensure that Saddler received appropriate medical treatment a required under jail policy. Saddler says that as a result of defendants' failure to treat his injury, his "entire left arm nerves are in pain and the tendon in [his] left hand cannot heal properly" because "there is a rod and silicone" in his hand that should have been removed but weren't. *Id.*

**B. First motion to amend (Dkt. 9)**

On February 25, 2019, Saddler filed a motion to amend his complaint by adding new allegations related to the already-named defendants as well as three new defendants. Dkt. 9. Regarding the already-named defendants, Saddler says that Nurse Jane Doe saw him between November and December 2016 and told him that "he would have to pay for medication despite his petition to be medicated per . . . doctor[']s order[s]." *Id.* at 3–4. Saddler says that Doe "failed terribly" at giving him proper medication and scheduling him for follow-up care for his hand. *Id.* at 4.

As for previously unnamed defendants, Saddler seeks to add claims against nurses Carmen Zacharias and K. Johnson of Dodge Correctional Institution (DCI), and against nurse N. Herrington of Racine Correctional Institution (RCI). Saddler says that he was incarcerated at DCI from March through July of 2017, and that he went "almost an entire four months with no proper medical care." *Id.* at 5.

On March 23, 2017, Saddler was examined by defendant Zacharias, who assured him that he would receive medical attention from a doctor. Despite this reassurance, nothing was done by Zacharias or anyone else at DCI to address Saddler's medical needs.

On May 5, 2017, defendant K. Johnson reviewed Saddler's medical records from Cook County and told him that "a follow up by this time should have already tak[en] place." *Id.* at 6. Nonetheless, Johnson offered Saddler no medical assistance.

When Saddler was transferred to RCI in July, he was examined by defendant N. Herrington. After reviewing Saddler's medical records, Herrington stated that the issue was "very serious" and would "need an immediate follow up." *Id.* at 7. Herrington assured Saddler that "he would personally see to it" that Saddler received medical attention, but then Herrington too "became very indifferen[t]" to Saddler's medical needs. *Id.*

**C.  Second motion to amend (Dkt. 12)**

In his second motion to amend the complaint, Saddler seeks only to add as defendants the insurance companies that provide malpractice insurance to defendants Jane Doe, John Doe, and Jessica Hewitt.

**D.  Third motion to amend (Dkt. 16)**

In his third motion to amend, Saddler seeks to add as defendants "the mayor (John Doe) of Lancaster County of Grant, who[] designated the implementing officers and sheriffs . . . who upheld the rules and procedures" at issue in this case. Dkt. 16, at 1. (I assume that Saddler is referring to the mayor of Lancaster, Wisconsin, which is the county seat of Grant County.) Saddler also attaches various jail policy documents as exhibits.

**E. Fourth motion to amend (Dkt. 18)**

In his fourth motion to amend, Saddler attaches an additional 33 pages of exhibits "to be added to evidence." Dkt. 18, at 2. The attachments include excerpts from Saddler's medical records; a copy of the Hippocratic oath; additional Grant County Jail policies; and an information request that Saddler sent to an official at WCI, where he is currently incarcerated. *See* Dkt. 18-1.

ANALYSIS

As an initial matter, I note that Saddler has presented his allegations in a piecemeal fashion across five separate documents. As a general rule, "parties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket." *Boriboune v. Berge*, No. 04-c-15-c, 2005 WL 256525, at *1 (W.D. Wis. Jan. 31, 2005). If Saddler wishes to amend his original complaint, he "must file a proposed amended complaint that will completely replace the original complaint." *Id.* That amended complaint must be self-contained so that the court and defendants can ascertain the scope of Saddler's claims.

There are several other threshold problems with Saddler's claims, and if he were to simply restate his current allegations in a single document, some of them would likely be dismissed for violating Federal Rule of Civil Procedure 8 or for failing to state a claim. So in this opinion, I will provide Saddler with an overview of these defects so that he may either fix them or omit the defective claims from his amended complaint.

## A. Rule 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Many of Saddler's claims do not state how the various defendants violated his rights. For example, Saddler says that defendant officers Beth, Reiley, Breitsprecker, Smith, and Nemitz were aware of his injury, and I infer that he believes that they should have taken some action to intervene on his behalf. But Saddler doesn't explain what specifically he told these defendants about his condition, what they said or did in response to his disclosures, and what actions he believes they should have taken that they didn't.

Saddler's allegations against the healthcare provider defendants (Hewitt, Jane Doe, John Doe, Zacharias, Johnson, and Herrington) are more developed. I can infer from Saddler's filings that these defendants were responsible for providing medical care to Saddler but failed to do so. Likewise, Saddler provides enough detail about defendant officer Necollins (who allegedly confiscated Saddler's arm sling) for me to understand how NeCollins violated Saddler's rights. If Saddler were to present these allegations in a single comprehensive complaint document, I would grant him leave to proceed against those defendants.

## B. Claims that do not state a claim for relief

Certain other allegations in Saddler's filings do not state claims for relief for reasons unrelated to Rule 8. Specifically, Saddler attempts to assert a claim against Grant County

7

Sheriff Keith Govier and the mayor of Lancaster, Wisconsin based on their alleged failures to enforce Grant County Sheriff's Office healthcare policies. As an initial matter, the mayor of Lancaster, a town, does not have authority over the Grant County Sheriff's Office, a county entity. And in any event, Saddler appears to want to sue Govier and the Lancaster mayor not because they had personal involvement in the failure to provide medical care in his case, but because they had supervisory authority over the defendants who did. But to be liable under § 1983, a defendant must have some personal involvement in the constitutional deprivation at issue. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003). This means that an official must have participated in the alleged conduct or facilitated it. It is not enough to show that a particular defendant is the supervisor of someone else who committed a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

Accordingly, Saddler fails to state claims against Govier and the mayor of Lancaster. If Saddler contends that Govier or the mayor knew about and were personally involved in the constitutional deprivations at issue, he may assert claims against them his amended complaint, but he must explain how they participated in or facilitated the conduct that violated his rights.

**C. Instructions for filing an amended complaint**

Saddler should put all the allegations at issue in this case into a single complaint document. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should state (1) what each defendant knew about his medical condition, and how they came to know about it; (2) what each defendant did in response to learning about Saddler's medical condition; and (3) how each defendant's actions

or inaction violated his rights. He is free to attach exhibits to his complaint, but he need not do so. At this stage of the case, all Saddler needs to do is provide a written overview of his claims.

**D. Saddler's motion for injunctive relief (Dkt. 19)**

Finally, Saddler asks that I order WCI to: (1) provide him with pens while he is in segregation; and (2) disburse funds from his release account so that he can obtain his Grant County medical file. I will deny both requests.

Saddler says that he is currently in segregation, and that a captain at WCI has taken away the pens that he uses to write legal documents. Saddler has to write with a pencil or crayon, which makes scanning and e-filing his documents more difficult. But Saddler's motion was accepted for e-filing and was legible, so his lack of a pen is not impeding his access to the court. I have no reason to question WCI officials' discretionary decisions to restrict the writing implements available to inmates in segregation, so I will deny Saddler's request.

Saddler also asks that I authorize him to use funds from his release account to obtain copies of his Grant County medical file. But I cannot order prison officials to let him use his release account funds to pay for copying costs or any other litigation expenses. The Prison Litigation Reform Act requires prison officials to use a prisoner's release account to satisfy an initial partial payment of the filing fee if no other funds are available. *See* 28 U.S.C. 1915(b)(1); *Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2006). But with the exception of initial partial payments, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from a release account. *See Smith v. Hepp*, No. 17-cv-396, 2017 WL 4712229, at *2 (W.D. Wis. Oct. 18, 2017) ("It is up to prison officials to decide how to apply the release-account regulations; this federal court

generally cannot tell state officials how to apply state law." (citing *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)). So I will deny that request as well.

ORDER

IT IS ORDERED that:

1. Plaintiff Jay Jasmine Saddler's complaint and motions to amend are DISMISSED without prejudice for failing to provide fair notice of his claims. Saddler may have until September 27, 2019 to file an amended complaint that includes all the claims he wishes to bring and names all the defendants he wishes to sue. If Saddler fails to respond by the deadline, I will direct the clerk of court to close the case.

2. Plaintiff's motion seeking access to pens and an order authorizing him to pay copying costs using funds from his release account, Dkt. 19, is DENIED.

Entered September 6, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge