IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAY JASMINE SADDLER,

      Plaintiff,

 v.

JESSICA HEWITT, BETHANY HAMMEL,      OPINION and ORDER
REILLY VOGEL, EDWARD BREITSPRECKER,
ANDREW SMITH, MASON NEMITZ,        19-cv-81-jdp
MICHELLE NECOLLINS, DR. JOHN DOE,
NURSE JANE DOE, NAKIA HERRINGTON,
KEITH JOHNSON, and CARMEN ZACHARIAS,

      Defendants.

---

  Pro se plaintiff Jay Jasmine Saddler, a prisoner at Waupun Correctional Institution, is proceeding on Eighth and Fourteenth Amendment claims based on his allegations that numerous jail and prison officials failed to provide proper medical care for an injury to his left hand. He has filed a motion for assistance in recruiting counsel, Dkt. 32, as well as a motion for entry of default against the county defendants, Dkt. 35. For reasons explained below, I will deny both motions.

**A. Motion for assistance in recruiting counsel**

  In his motion for assistance in recruiting counsel, Saddler states that: (1) he cannot afford counsel; (2) he has limited knowledge of the law and limited access to the law library; (3) his case involves complex issues; (4) trial in his case will likely involve conflicting testimony that counsel would be better prepared to draw out; and (5) his hand injury makes writing difficult. But at this point, I am not persuaded that the complexity of his case exceeds his ability to litigate it.

There is no right to counsel in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), so a party who wants the court's assistance in recruiting counsel must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because Saddler is proceeding in forma pauperis under 28 U.S.C. § 1915, *see* Dkt. 8, he has met that requirement.

Second, Saddler must show that he made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. County of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). Saddler provides copies of letters that he has received from four law firms declining to take his case. *See* Dkt. 32-1. So Saddler meets the second requirement as well.

Third, Saddler must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Saddler is concerned that he may not be able to litigate this case himself because he lacks legal training, but he is in the same position as most other pro se litigants in that respect, almost none of whom has legal training of any kind. And at this stage in the litigation, it is too

soon to tell whether the case will involve complex issues that exceed Saddler's capacity. The case has not yet passed the relatively early step in the litigation in which defendants file a motion for summary judgment based on exhaustion of administrative remedies, which sometimes results in the dismissal of cases like this one before they advance deep into the discovery stage of the litigation. As for Saddler's writing difficulties, I appreciate that writing is made harder for him by his hand injury. But I am able to decipher his handwriting. And at this early stage in the case, there is little reason that Saddler would need to draft long briefs.

So I will deny Saddler's motion for now. If Saddler continues to believe that he is unable to litigate the lawsuit himself as the case progresses, he is free to renew his motion. But he will have to explain what specific litigation tasks he cannot perform. If Saddler finds it difficult to meet a specific court deadline, then he should write the court about that and seek an extension of that deadline.

**B. Motion for entry of default**

Saddler has filed a motion for entry of default against the seven named Grant County defendants. Dkt. 35. He says that these defendants were served with the summons and complaint on October 21, 2019, and that they failed to answer within the required time period. But the marshal service return forms indicate that six of the seven county defendants were served on October 30, 2019, Dkt. 31,[1] and counsel for the county timely filed an answer on behalf of all seven county defendants 19 days later, on November 18, 2019. Dkt. 34. There has been no default, so I will deny Saddler's motion.

---

[1] It appears that the seventh county defendant, Reilly Vogel, has not yet been served by the marshals.

ORDER

IT IS ORDERED that:

1. Plaintiff Jay Jasmine Saddler's motion for assistance in recruiting counsel, Dkt. 32, is DENIED.

2. Plaintiff's motion for entry of default, Dkt. 35, is DENIED.

Entered November 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge