IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAY JASMINE SADDLER,

                Plaintiff,

v.

JESSICA HEWITT, BETHANY HAMMEL,         OPINION and ORDER
REILLY VOGEL, EDWARD BREITSPRECKER,
ANDREW SMITH, MASON NEMITZ,                19-cv-81-jdp
MICHELLE NECOLLINS, BRIAN QUICK,
KESSA KLAAS, NAKIA HERRINGTON,
KEITH JOHNSON, and CARMEN ZACHARIAS,

                Defendants.

---

Pro se plaintiff Jay Jasmine Saddler, a prisoner at Waupun Correctional Institution, is proceeding on Eighth and Fourteenth Amendment claims based on his allegations that numerous jail and prison officials failed to provide proper medical care for an injury to his left hand. He has filed several motions: (1) a motion for a temporary restraining order, Dkt. 69; (2) two motions to amend the complaint, Dkt. 56 and Dkt. 61; (3) a motion to compel, Dkt. 53; (4) a motion for leave to take depositions by written questions, Dkt. 60; and (5) a motion seeking issuance of a third-party subpoena, Dkt. 80, and (6) a motion for assistance in recruiting counsel, Dkt. 49 and Dkt. 52 (duplicate). For the reasons explained below, I will deny Saddler's motions, although I will have the caption amended to reflect the corrected identity of the Doe defendants.

A.  Motion for temporary restraining order

Saddler filed a motion in which he asked me to issue a temporary restraining order or preliminary injunction against "Steveson, Brian Foster, [and] Tritt," three officials who staff WCI's restrictive housing unit. Dkt. 69, ¶ 1. None of these individuals are defendants in this

case. Saddler's motion includes few details about why Saddler believes such relief is necessary. He says only that he "feels like his life is in danger," that he "was extracted from his cell and sustained . . . serious wounds . . . to his wrists," and that his "legal paperwork was taken." *Id.* ¶ 2. Preliminary injunctive relief is an "extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). Saddler's motion is so vague that I cannot tell what his need is, let alone whether it meets the high threshold necessary for a temporary restraining order or preliminary injunction.

In a follow-up declaration filed two weeks later, Saddler provides some additional detail. *See* Dkt. 71. His account is difficult to follow, but I gather from his declaration and the exhibits he includes with it that on March 16, 2020, WCI officials forcibly extracted Saddler from his cell based on Saddler's alleged "refus[al] to come out of his cell to comply with a possible paper restriction." Dkt. 71-1, at 1. Saddler says that the officials re-injured his injured left hand "with devices placed [o]n the hand," Dkt. 71, ¶ 3, which I assume were handcuffs. As for why Saddler believes he needs injunctive relief, Saddler says that he "feels he's in danger" and also that he fears that his "lawsuit [will] be hurt or otherwise damage[d] . . . if this issue of safe[t]y is not im[m]ediat[e]ly addressed." *Id.* ¶ 6. He also says that his "medical record, personal property, and legal letters are being tampered with" or "deliberately misplaced," *id.* ¶ 4, but he doesn't explain who is responsible or how he knows this to be the case. He says that all of these actions constitute retaliation for a prior lawsuit that he filed, but he again doesn't identify exactly who is responsible or how he knows that these actions constitute retaliation.

I will deny Saddler's motion for two reasons. First, Saddler has not complied with this court's procedures to be followed on motions for injunctive relief. I will direct the clerk of court to send a copy of those procedures along with this order. Under these procedures, a plaintiff

2

must file with the court and serve on defendants proposed findings of fact explaining the underlying events giving rise to the need for an injunction. An injunction is a forward-looking remedy, so Saddler needs to explain why the facts as they exist right now warrant court intervention. It is not enough simply to summarize past events; Saddler must provide specific factual details about why he believes he is at risk of harm in the future.

Second, the allegations Saddler makes in his motion for injunctive relief go beyond the scope of this litigation, which is limited to the issue of the treatment Saddler has received for his hand injury. I will consider motions for injunctive relief unrelated to Saddler's claims only if they suggest (1) that Saddler may be facing imminent physical danger of some kind; or (2) that Saddler's access to the court is being impeded. Saddler's allegations about retaliation aren't relevant to this case. If he wishes to challenge conduct not directly related to the treatment of his hand injury, he will need to file a separate lawsuit. And although Saddler says that he is concerned for his safety and that his legal documents are being tampered with in his motion, his allegations are too vague to allow me to evaluate whether this is one of the rare occasions where preliminary injunctive relief might be appropriate.

**B. Motions to amend the complaint**

Saddler has filed two motions to amend his complaint. In the first motion, he provides the names of the two Doe defendants I granted him leave to proceed against. Dkt. 56. Saddler has identified the Jane Doe nurse as Kessa Klaas and the John Doe doctor as Brian Quick. In an earlier filing, Saddler erroneously identified K. Bruton as the Jane Doe nurse, Dkt. 51, but he later explained that he "had [the] name wrong" and asked that Bruton be dropped from the suit. Dkt. 56, at 2; *see also* Dkt. 60. The case will proceed against defendants Klaas and Quick;

Bruton will not be a defendant. I will direct the clerk of court to add Klaas and Quick to the caption. An amended answer has already been filed on their behalf. *See* Dkt. 58.

In his second motion to amend, Dkt. 61, Saddler asks to add yet another defendant, WCI Advanced Practice Nurse Practitioner Mary Moore. Moore became Saddler's healthcare provider on July 19, 2019, after he was transferred to WCI. Saddler alleges that Moore has continuously denied him the gabapentin pills he was taking for his nerve damage, and that for months she has refused to ensure that he receives the "multiple surg[er]ies for tendon repair" that he needs for his left hand. Dkt. 68, at 17.

I will deny Saddler's motion. Under Federal Rule of Civil Procedure 20, plaintiffs may sue multiple defendants in one lawsuit only if the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences. Although Saddler's claims against Moore are similar to his existing claims in this case in that they involve alleged deficiencies in medical treatment for his hand, the claim against Moore follows the events at issue in Saddler's existing claims by well over a year. Saddler's lawsuit currently spans a discrete period between the fall of 2016 and early 2018. I will not permit Saddler to expand the scope of his case beyond that. If he wishes to pursue claims against Moore or other healthcare providers who have treated him more recently, he will have to file another lawsuit.

**C. Motion to compel**

Saddler filed a motion to compel all defendants to respond to his interrogatories. Dkt. 53. In it, he states that he mailed his interrogatories on January 24, 2020, and that he had yet to receive responses. But under Federal Rule of Civil Procedure 33(b)(2), defendants have 30 days to respond to Saddler's interrogatories. Saddler filed his motion to compel on February 21, 2020, by which point the 30-day response window had not yet elapsed. And even

if defendants' discovery responses had been overdue, I would deny Saddler's motion to compel because it appears that Saddler did not confer or attempt to confer with defendants' counsel before filing his motion to compel as required under Rule 37(a)(1). In any event, Saddler's motion is now moot because defendants provided responses to Saddler's interrogatories shortly after he filed his motion. *See* Dkt. 54 and Dkt. 55. So Saddler's motion to compel is denied.

**D. Motion to depose defendants in writing**

Saddler has filed four submissions in which he asks to depose the defendants in this case by written questions, as provided under Federal Rule of Civil Procedure 31. *See* Dkt. 60, at 1 (motion to depose the Grant County defendants by written questions); Dkt. 63 (providing Rule 31(a)(3) notice to Grant County defendants); Dkt. 70 (seeking leave to depose Department of Corrections defendants by written questions); Dkt. 81 (providing Rule 23(a)(3) notice to the Department of Corrections defendants).

Saddler is entitled to take depositions by written questions under Rule 31, but he must follow the procedures for doing so. These procedures include arranging and paying for an officer (usually a stenographer or court reporter) to meet with deponents, take their testimony, and prepare and certify their depositions. *See* Fed. R. Civ. P. 31(b). The court will not pay these costs. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (a pro se plaintiff proceeding in forma pauperis "has no constitutional entitlement to subsidy . . . to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund" (internal citations omitted)); *Werner v. Hamblin*, No. 12-cv-0096, 2013 WL 788076, at *1 (E.D. Wis. Mar. 1, 2013) (the cost of a court reporter for a Rule 31 deposition "is not an expense that the court would pay" (citing *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987)).

Saddler indicates that he wants to depose all 12 defendants in this case. The cost of doing so will be substantial. If Saddler is unwilling or unable to pay the expenses associated with taking 12 depositions by written questions, then he can consider converting his questions into interrogatories, which do not require the presence of officers. *See* Fed. R. Civ. Pro. 33. Because Saddler has not indicated that he is willing or able to pay the costs associated with the 12 depositions he requests, I will deny Saddler's motions for now. But Saddler is free to take depositions by written questions if he pays for officers to conduct those depositions, and he need not seek leave from the court to do so unless his deposition requests meet the criteria outlined in Rule 31(a)(2) (outlining the circumstances under which leave of court is required).

**E. Motion for issuance of third-party subpoenas**

Saddler has filed a motion for issuance of two third-party subpoenas under Federal Rule of Civil Procedure 45(a). Dkt. 80. Specifically, he asks for a subpoena compelling third-party witnesses Mary Moore and Edward Rothbauer to attend depositions by written questions, and to produce various documents from Saddler's medical file. I will deny Saddler's request for subpoenas commanding attendance at a deposition for the reasons I outlined above; depositions under Rule 31 must be conducted by an officer, and Saddler hasn't indicated that he is willing or able to pay the associated fees. I will deny Saddler's request for subpoenas compelling the production of documents because there is no reason to think that Saddler needs to subpoena a third party to obtain documents from his own medical files. Saddler should already have access to those files.

**F. Motion for assistance in recruiting counsel**

I denied Saddler's previous motion for assistance in recruiting counsel because I determined that he had not shown that the legal and factual difficulty of this case exceeded his

ability to litigate it. Dkt. 39. I told him that he was free to renew his motion as the case progressed, but that he would need to explain what specific litigation tasks he cannot perform. Saddler has now filed a motion renewing his request. Saddler asks me to recruit counsel solely for the purpose of representing him at a deposition should defendants choose to depose him. Dkt. 49. He says that he is afraid that if defendants depose him, he may "say things which could be used against plaintiff in a criminal prosecution." Dkt. 49, at 2.

Saddler does not need an attorney to sit for a deposition. A deposition is a question-and-answer session that takes place before the trial, in which the person being questioned is placed under oath. Depositions are routine in these kinds of cases, and getting deposed does not require legal knowledge or expertise. All Saddler needs to do is answer the questions he is asked honestly and to the best of his ability. If he finds a question confusing, he may ask for clarification. If he doesn't know the answer to a question, he can say so. The focus of the deposition will be the facts of Saddler's case. Those facts are fairly straightforward and don't have any apparent connection to a criminal investigation or prosecution, so I see no basis for Saddler's concerns about self-incrimination. I will not attempt to recruit counsel for Saddler simply because he may be deposed in this case.

Saddler also reiterates some of the arguments he made in his first motion for assistance in recruiting counsel: (1) he cannot afford counsel; (2) he has limited education and legal experience; (3) his case involves complex issues and may require expert testimony; and (4) he finds litigation procedures confusing. I understand Saddler's concerns, but it is still too early in the case to tell whether it will involve complex issues that exceed Saddler's capacity. As I indicated in my prior order, the case has not yet passed the relatively early step in the litigation in which the court decides motions for summary judgment based on a litigant's alleged failure

to exhaust administrative remedies, which sometimes results in the dismissal of cases like this one before they advance deep into the discovery stage of the litigation. Until this case progresses further, I cannot determine whether this case is so complex as to make the assistance of counsel truly necessary.

Saddler should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year approximately 400 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness, and expertise in civil rights litigation to accept appointments. The court is able to recruit approximately 15 lawyers each year who will take one pro se case. In the past year, the court has had little success in finding counsel for several cases. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months for the court to locate counsel willing to accept the case. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claims in determining whether to recruit counsel in any particular case. *See Williams v. Reyes*, No. 19-1778, 2020 WL 435372, at *3 (7th Cir. Jan. 28, 2020) ("[I]n light of the scarcity of volunteer lawyers, the district court was entitled to view the needs of pro se litigants in the district as a whole and to exercise its discretion to determine which cases warranted the outlay of judicial resources in attempting to recruit counsel.").

For these reasons, I will deny Saddler's request for court assistance in recruiting counsel without prejudice. If later developments show that Saddler is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff Jay Jasmine Saddler's motion for a temporary restraining order, Dkt. 69 and Dkt. 72, is DENIED. The clerk of court is directed to send plaintiff this court's procedures for filing motions for injunctive relief.

2. The clerk of court is directed to add Brian Quick and Kessa Klaas to the caption as the Doe defendants.

3. Defendant Kristi Brunton is DISMISSED from the case.

4. Plaintiff's motion to amend the complaint to add claims against Mary Moore, Dkt. 61 and Dkt. 62, is DENIED. The operative complaint in this case remains Dkt. 25 and Dkt. 56.

5. Plaintiff's motion to compel, Dkt. 53, is DENIED as moot.

6. Plaintiff's motions for leave to take depositions by written questions, Dkt. 60, Dkt. 63, Dkt. 70, Dkt. 81 are DENIED.

7. Plaintiff's motion for issuance of third-party subpoenas, Dkt. 80, is DENIED.

8. Plaintiff's motion for assistance in recruiting counsel, Dkt. 49 and Dkt. 52, is DENIED.

Entered April 7, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge